# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JULIE DUKE, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| BUSINESS ORIENTED | ) | |
| SOFTWARE SOLUTIONS, INC., | ) | |
| SUBRAMONIA MAHADEVAN, | ) | |
| and RENUKA MAHADEVAN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Julie Duke ("Plaintiff"), by and through counsel, files this Complaint against Defendants Business Oriented Software Solutions, Inc. ("BOSS"), Subramonia Mahadevan ("Defendant S. Mahadevan"), and Renuka Mahadevan ("Defendant R. Mahadevan") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. BOSS is a Georgia corporation with its principal office address with the

1

Georgia Secretary of State as 350 Research Court, Suite 110, City of Peachtree Corners, GA 30092.

3. BOSS's registered agent for service of process is Maha Mahadevan, 350 Research Court, Suite 110, City of Peachtree Corners, GA 30092.

4. At all relevant times, Defendant S. Mahadevan was an owner, general manager, and/or primary decision for BOSS.

5. At all relevant times, Defendant R. Mahadevan was an owner, general manager, and/or primary decision for BOSS.

6. Defendant S. Mahadevan can be served at 125 Autry Landing Way, Alpharetta, GA 30022.

7. Defendant R. Mahadevan can be served at 125 Autry Landing Way, Alpharetta, GA 30022.

8. At all relevant times, Defendants have continuously been an employer(s) engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

9. Defendants employed Plaintiff throughout the relevant period.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Defendants transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FLSA VIOLATIONS

12. Defendant S. Mahadevan owns and operates Defendant Business Oriented Software Solutions, Inc. ("BOSS").

13. Defendant R. Mahadevan owns and operates Defendant Business Oriented Software Solutions, Inc. ("BOSS").

14. BOSS manufactures and distributes technology software for IT Service Management businesses.

15. BOSS's products and services are sold throughout the United States.

16. Plaintiff was employed by Defendants for the approximate period January 2016 through the present. Plaintiff remains employed by Defendants.

17. At all relevant times, Plaintiff is and was an "employee" of Defendants and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

18. At all relevant times, BOSS was an "employer" of Plaintiff.

19. At all relevant times, Defendant S. Mahadevan was a manager, owner, and/or primary decision maker of BOSS and an "employer" of Plaintiff.

20. At all relevant times, Defendant R. Mahadevan was a manager, owner,

and/or primary decision maker of BOSS and an "employer" of Plaintiff.

21. At all relevant times, Defendant S. Mahadevan had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; and approved Plaintiff's hours and days off.

22. At all relevant times, Defendant R. Mahadevan had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; and approved Plaintiff's hours and days off.

23. Defendant S. Mahadevan, as an owner, general manager, and primary decision maker for BOSS, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

24. Defendant R. Mahadevan, as an owner, general manager, and primary decision maker for BOSS, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

25. Defendant S. Mahadevan exercised substantial and sufficient control over Plaintiff to cause Defendant S. Mahadevan to be individually liable for the

FLSA violations.

26. Defendant R. Mahadevan exercised substantial and sufficient control over Plaintiff to cause Defendant R. Mahadevan to be individually liable for the FLSA violations.

27. At all relevant times, Defendants had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

28. At all relevant times, BOSS was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00. Defendants S. Mahadevan and R. Mahadevan were part of the enterprise.

29. At all relevant times, Defendants had a policy and practice of misclassifying Plaintiff as exempt under the FLSA.

30. During her entire employment period, Plaintiff was a non-exempt employee under the FLSA who was not paid for her overtime hours at a rate of one and one-half her hourly rate.

31. During the entire period of her employment by Defendants, Plaintiff was misclassified as exempt under the FLSA.

32. Plaintiff's primary job duty was to sell BOSS's technology software to IT Management Service businesses.

33. Plaintiff was paid in part by commissions; these commissions did not represent more than half of her total earnings.

34. Although Plaintiff's employment title was "Information Technology Sales Manager," she did not have any managerial responsibilities. Plaintiff also did not have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of employees.

35. Plaintiff's responsibilities did not require technical or specialized skills or capital investment.

36. Plaintiff did not exercise independent judgment in carrying out her duties.

37. Defendants violated the FLSA by requiring Plaintiff to work hours in excess of forty (40) hours a week without compensation for overtime for those hours beyond the 40-hour week.

38. Through Plaintiff's tenure as an Information Technology Sales Manager, including during the time period relevant to this Complaint, Defendants failed to maintain accurate and sufficient time records for Plaintiff.

39. At all relevant times, Defendants had a policy and practice of refusing to pay compensation to Plaintiff for hours worked in excess of forty hours per workweek.

40. As a result of Defendants' willful failure to compensate Plaintiff for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, including 29 U.S.C. §§207(a)(1) and 215(a).

41. Defendants also have failed to make, keep, and preserve records with respect to Plaintiff in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

43. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**OVERTIME**

44. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

45. At all times during Plaintiff's employment, Defendants were Plaintiff's

7

employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all times during Plaintiff's employment, Defendants employed Plaintiff within the meaning of the FLSA.

47. At all times during Plaintiff's employment, Defendants were an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

48. At all times during Plaintiff's employment, Defendants misclassified Plaintiff as exempt under the FLSA.

49. At all times during Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked.

50. Defendants willfully violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a) by failing to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

51. The foregoing conduct, as alleged, constitutes a willful violation by Defendants of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs

and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of unpaid compensation for wages including overtime to Plaintiff;

B. An award of liquidated damages for all unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this March 17, 2022,

                                **HALL & LAMPROS, LLP**

                                */s/ Brittany A. Barto*
                                Christopher B. Hall
                                Ga Bar No. 318380
                                Brittany A. Barto
                                Ga Bar No. 501673

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile

chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for the Plaintiff*